■ CALLIE HIGHTOWER, Respondent, v JAMES REID et al., Defendants, and VISTA HOLDING, INC., et al., Appellants. [772 NYS2d 575]—

In an action, inter alia, to impose a constructive trust on real property, the defendants Vista Holding, Inc., and Sprint Equities, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated April 10, 2003, as, upon granting that branch of the plaintiff's motion which was for leave to reargue her prior motion for, among other things, a preliminary injunction staying a commercial holdover proceeding entitled *Sprint Equities v Hightower,* pending in the Civil Court, Kings County, under Index No. 89570/02, granted the plaintiff's prior motion to the extent of issuing a preliminary injunction staying the pending commercial holdover proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

To be entitled to preliminary injunctive relief, the movant must establish (1) the likelihood of success on the merits, (2) ir-

reparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]). Under the circumstances of this case, the Supreme Court correctly determined that the plaintiff established a likelihood of success on her cause of action to impose a constructive trust on the real property at issue (*see Sharp v Kosmalski,* 40 NY2d 119, 121-123 [1976]; *Ostriker v Ostriker,* 203 AD2d 343 [1994]). Moreover, denial of the motion for a preliminary injunction would have been inconsistent with the purposes of the equitable doctrine of constructive trust, namely, to prevent a breach of trust, and to restore to the plaintiff real property which she alleges rightfully belongs to her. In addition, the balance of the equities tips in the plaintiff's favor (*see W. T. Grant Co. v Srogi, supra*). Vista Holding, Inc., and Sprint Equities, Inc., in whom title to the real property is vested, will suffer no great hardship as a result of the issuance of the preliminary injunction, which was necessary to preserve the status quo, provided the mandatory undertaking is filed by the plaintiff. While fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312 (b) clearly and unequivocally requires the party seeking an injunction to give an undertaking (*see Livas v Mitzner,* 303 AD2d 381, 383 [2003]; *Schwartz v Gruber,* 261 AD2d 526, 527 [1999]).

Accordingly, we remit the matter to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312. S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.