■ YING FUNG MOY, Respondent, v HOHI UMEKI, Also Known as PANG MAI MUI (MOY), et al., Appellants, et al., Defendants. [781 NYS2d 684]—

In an action, inter alia, to permanently enjoin the defendants from transferring or encumbering the plaintiff's interest in certain real property, the appeal, as limited by the brief, is from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated October 9, 2003, as granted the plaintiff's motion for a preliminary injunction and denied that branch of the cross motion of the defendants Hohi Umeki, also known as Pang Mai Mui (Moy), Fukue Umeki, and Ken Umeki which was to dismiss the complaint insofar as asserted against the defendant Ken Umeki.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

The plaintiff, an elderly woman who understands no English, alleges that her son, the defendant Hohi Umeki, also known as Pang Mai Mui (Moy), tricked her into executing a deed and other legal documents, written in English, pursuant to which he gained title to her partial ownership interest in her home in Queens. She commenced this action, inter alia, to void such transfer and to enjoin him from transferring or encumbering her interest in the property. The Supreme Court, inter alia, granted the plaintiff's motion for a preliminary injunction.

To be entitled to a preliminary injunction, the movant must establish (1) the likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see Hightower v Reid*, 5 AD3d 440 [2004]; *Evans-Freke v Showcase Contr. Corp.*, 3 AD3d 549 [2004]). The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual (*cf. Rattner & Assoc. v Sears, Roebuck & Co.*, 294 AD2d 346 [2002]). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Matter of Merscorp, Inc. v Romaine*, 295 AD2d 431, 432 [2002]).

Contrary to the appellants' contentions, the plaintiff made

the requisite showing. The appellants argue that injunctive relief may not be granted where the facts are in dispute. However, all that must be shown is the likelihood of success; conclusive proof is not required (see Terrell v Terrell, 279 AD2d 301, 303 [2001]). "[T]he mere fact that there indeed may be questions of fact for trial does not preclude a court from exercising its discretion in granting an injunction" (Egan v New York Care Plus Ins. Co., 266 AD2d 600, 601 [1999]), for "even when facts are in dispute, the nisi prius court can find that a plaintiff has a likelihood of success on the merits, from the evidence presented, though such evidence may not be 'conclusive' " (Sau Thi Ma v Xuan T. Lien, 198 AD2d 186, 187 [1993]). The plaintiff has adequately demonstrated a likelihood of success on the merits. Accordingly the court providently exercised its discretion.

However, "[w]hile fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312 (b) clearly and unequivocally requires the party seeking an injunction to give an undertaking" (Hightower v Reid, supra at 441). Thus, the matter must be remitted to the Supreme Court, Queens County, for the fixing of the amount of an undertaking (id.).

The appellants' remaining contentions are without merit. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.