■ DONALD EICKLER, Respondent, v JOSEPH PECORA et al., Appellants. [785 NYS2d 126]—

In an action, inter alia, in effect, to impose a constructive trust on certain real property, the defendants appeal from a judgment of the Supreme Court, Westchester County (Colabella, J.), dated January 3, 2003, which, after a nonjury trial, and upon a decision of the same court dated November 15, 2002, among other things, imposed a constructive trust in favor of the plaintiff.

Ordered that the judgment is affirmed, with costs.

An action to impose a constructive trust is governed by the six-year statute of limitations under CPLR 213 (1) (*see Jakacic v Jakacic,* 279 AD2d 551, 552 [2001]; *Mazzone v Mazzone,* 269 AD2d 574 [2000]; *Lucci v Lucci,* 227 AD2d 387, 389 [1996]; *Mattera v Mattera,* 125 AD2d 555, 556-557 [1986]). Here, the deed transferring the property was dated November 1, 1993, and the action was commenced on October 21, 1999. Accordingly, this action was timely commenced.

A court's determination after a nonjury trial should be upheld if it is based on a fair interpretation of the evidence (*see Vizzari v Hernandez,* 1 AD3d 431 [2003]; *Southampton Commons Homeowners Assn. v Southampton Assoc.,* 268 AD2d 580, 581 [2000]; *Larkfield Landscapers v Cron,* 204 AD2d 407 [1994]). In order to impose a constructive trust upon real property, a plaintiff must prove: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *see also Bankers Security Life Ins. Socy. v Shakerdge,* 49 NY2d 939, 940 [1980]; *Simonds v Simonds,* 45 NY2d 233, 241-242 [1978]). In particular, "it must be shown that the party seeking to impose the constructive trust had some interest in the property prior to obtaining the promise that the property would be conveyed" (*Bontecou v Goldman,* 103 AD2d 732, 733 [1984]; *see Ladone v Ladone,* 121 AD2d 512, 513 [1986]).

Here, the Supreme Court's determination that the plaintiff sustained his burden of proof with respect to each of these four elements was correct and not against the weight of the evidence. The plaintiff demonstrated that he relied on the defendants' promises that the plaintiff would own the property and that the defendants' participation in the transaction would be limited to co-signing the mortgage loan. The plaintiff demonstrated at trial that he contributed his time and money to the purchase and maintenance of the subject property, making a $16,000 down payment for the purchase of the property in reliance on the defendants' promise. This was sufficient to satisfy the "transfer in reliance" element (*Matter of Bayside Controls,* 295 AD2d 343, 346 [2002]; *Gottlieb v Gottlieb,* 166 AD2d 413, 414 [1990]; *Lester v Zimmer,* 147 AD2d 340, 342 [1989]).

The defendants' remaining contentions are without merit. Florio, J.P., H. Miller, S. Miller and Spolzino, JJ., concur.