■ DENISE RUIZ, Respondent, v JOHN MELONEY, Appellant. [810 NYS2d 216]—

In an action to impose a constructive trust on certain real property, the defendant appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated October 18, 2004, which granted the plaintiff's motion for a preliminary injunction, enjoined the defendant from, inter alia, evicting the plaintiff from the subject premises, and directed the plaintiff to post an undertaking in the amount of only $5,000.

Ordered that the order is affirmed, with costs.

To be entitled to a preliminary injunction, the movant must

establish (1) a likelihood of success on the merits, (2) irreparable injury absent granting the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see W.T. Grant Co. v Srogi,* 52 NY2d 496, 517 [1981]; *Ying Fung Moy v Hohi Umeki,* 10 AD3d 604 [2004]; *Hightower v Reid,* 5 AD3d 440 [2004]). The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual (*see Ying Fung Moy v Hohi Umeki, supra*). The decision to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court (*see Doe v Axelrod,* 73 NY2d 748, 750 [1988]; *Ying Fung Moy v Hohi Umeki, supra*). Furthermore, even when the facts are in dispute, a court may find a likelihood of success on the merits; conclusive proof is not required (*see Ying Fung Moy v Hohi Umeki, supra* at 605; *Terrell v Terrell,* 279 AD2d 301, 303 [2001]; *Sau Thi Ma v Xuan T. Lien,* 198 AD2d 186, 187 [1993]).

Under the circumstances of this case, the Supreme Court properly determined, with respect to the only factor relevant herein, that the plaintiff established a likelihood of success on her cause of action to impose a constructive trust on the real property at issue (*see Sharp v Kosmalski,* 40 NY2d 119, 121-123 [1976]; *Eickler v Pecora,* 12 AD3d 635 [2004]; *Hightower v Reid, supra* at 441; *Gottlieb v Gottlieb,* 166 AD2d 413 [1990]; *Washington v Defense,* 149 AD2d 697 [1989]; *Lester v Zimmer,* 147 AD2d 340 [1989]). In order to impose a constructive trust upon real property, a plaintiff must prove: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski, supra*; *Eickler v Pecora, supra* at 636). The plaintiff's allegations that she contributed time, money and energy into finding the home, purchasing and then maintaining it are sufficient to satisfy the "transfer in reliance" element (*see Eickler v Pecora, supra*; *Matter of Bayside Controls,* 295 AD2d 343, 346 [2002]; *Gottlieb v Gottlieb, supra*; *Washington v Defense, supra*; *Lester v Zimmer, supra*). Here, the parties cohabitated for four years and bore a child together, although the defendant denies that he intended to marry the plaintiff. Together, they looked for a home, found one, and negotiated its purchase. The plaintiff allegedly contributed part of the down payment and paid for various expenses for upkeep of the home with the understanding that the parties would jointly own the home and in reliance on the defendant's promise that he would execute a deed bearing both their names. While the defendant denies he made such a promise and denies that the plaintiff contributed to the down payment, issues of fact do not preclude a finding of likelihood of success on the merits because conclusive evidence is not

required at this stage of the litigation (*see Ying Fung Moy v Hohi Umeki, supra* at 605; *Terrell v Terrell, supra; Sau Thi Ma v Xuan T. Lien, supra*).

The defendant's remaining contention is without merit. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.