■ GLORIOUS TEMPLE CHURCH OF GOD IN CHRIST, Respondent, v DEAN HOLDING CORP., Appellant, et al., Defendant. [828 NYS2d 442]—In an action, inter alia, to determine title to real property, the defendant Dean Holding Corp. appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated April 4, 2005, which granted the plaintiff's motion for a preliminary injunction.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for further

proceedings, upon notice to the Attorney General, for the fixing of an appropriate undertaking pursuant to CPLR 6312.

The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Matter of Merscorp, Inc. v Romaine*, 295 AD2d 431, 432, 433 [2002]; *cf. Doe v Axelrod*, 73 NY2d 748, 750 [1988]). In exercising that discretion, however, the Supreme Court must consider whether the moving party has established (1) a likelihood of success on the merits, (2) irreparable harm if the injunction is denied, and (3) a balance of the equities in favor of the injunction (*see Livas v Mitzner*, 303 AD2d 381, 382 [2003]). Contrary to the contentions of the defendant Dean Holding Corp. (hereinafter the defendant), the plaintiff made the requisite showing. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction (*see Ying Fung Moy v Hohi Umeki*, 10 AD3d 604, 605 [2004]; *Hightower v Reid*, 5 AD3d 440, 441 [2004]).

However, "[w]hile fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312 (b) clearly and unequivocally requires the party seeking an injunction to give an undertaking" (*Hightower v Reid, supra* at 441; *see Gaentner v Benkovich*, 18 AD3d 424, 427 [2005]). Thus, the matter must be remitted to the Supreme Court, Kings County, for further proceedings for the fixing of an appropriate undertaking (*see id.*).

Since this case involves a transfer of title from a religious corporation without notice to the Attorney General or court approval pursuant to Religious Corporations Law § 12 (1), the Attorney General should receive notice of the further proceedings. Crane, J.P., Krausman, Goldstein and Spolzino, JJ., concur.