■ JAMES NELSON, Appellant, v PATRICIA MCKAY, Respondent. [837 NYS2d 589]—In an action, in effect, to impose a constructive trust on certain real property, in which the defendant counterclaimed for, inter alia, a direction that she convey title to the property into the parties' names as joint tenants with right of survivorship, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.H.O.), dated November 8, 2006, which, after a nonjury trial, and upon a decision of the same court dated September 30, 2006, inter alia, imposed a constructive trust in the form of a tenancy in common in the name of the plaintiff and the defendant.

Ordered that the judgment is affirmed, with costs.

Upon review of a determination rendered after a nonjury trial, this Court's authority "is as broad as that of the trial court, [and this Court may] render the judgment it finds warranted by the facts, taking into account in a close case 'the fact that the trial judge had the advantage of seeing the witness' " (*Northern Westchester Professional Park Assoc. v Town of*

*Bedford,* 60 NY2d 492, 499 [1983], quoting *York Mtge. Corp. v Clotar Constr. Corp.,* 254 NY 128, 133-134 [1930]; *see Vizzari v Hernández,* 1 AD3d 431, 431-432 [2003]). We discern no reason to disturb the Supreme Court's determination, inter alia, imposing a constructive trust in favor of the plaintiff upon one half of the interest in the subject property currently deeded to the defendant (*see Simonds v Simonds,* 45 NY2d 233, 241 [1978]; *Sharp v Kosmalski,* 40 NY2d 119, 121 [1976]; *Ruiz v Meloney,* 26 AD3d 485, 486 [2006]; *Nastasi v Nastasi,* 26 AD3d 32, 38 [2005]; *Eickler v Pecora,* 12 AD3d 635, 636 [2004]; *Williams v Lynch,* 245 AD2d 715, 716-717 [1997]). Rivera, J.P., Goldstein, Skelos and Balkin, JJ., concur.