■ Tom Dellis, Respondent, v John Dellis et al., Appellants. [917 NYS2d 885]—

In an action to impose a constructive trust on certain real property, the defendants appeal from (1) an order of the Supreme Court, Queens County (Schulman, J.), dated May 21, 2009, which awarded the plaintiff's attorney a monetary sanction in the sum of $5,000, and conditionally struck their answer unless they paid the sanction and provided certain documents to the plaintiff's counsel within 30 days, (2) an order and judgment (one paper) of the same court dated December 16, 2009, which, inter alia, imposed a constructive trust on the subject property, and (3) an order of the same court dated January 25, 2010, which denied the defendants' motion, among other things, to vacate their default in complying with the order dated May 21, 2009.

Ordered that the appeal from the order dated May 21, 2009, is dismissed on the ground that the order is not appealable as of right (*see* CPLR 5701 [a] [2]; *Krinsky v Shouela*, 76 AD3d 671, 672 [2010]; *Rabinovich v Shevchenko*, 63 AD3d 1027 [2009]), and we decline to grant leave to appeal; and it is further,

Ordered that the order and judgment dated December 16, 2009, and the order dated January 25, 2010, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants' answer was ultimately stricken based upon their failure to comply with discovery orders. In light of this fact, the defendants were properly precluded at the subsequent inquest on damages from introducing any evidence tending to defeat the plaintiff's cause of action (*see Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]). Moreover, applying the elements of a constructive trust in a flexible manner (*see Crown Realty Co. v Crown Hgts. Jewish Community Council*, 175 AD2d 151 [1991]) to the facts, the Supreme Court properly held that a constructive trust was established in the plaintiff's favor (*see Sharp v Kosmalski*, 40 NY2d 119, 121 [1976]; *Ruiz v Meloney*, 26 AD3d 485, 486-487 [2006]; *Eickler v Pecora*, 12 AD3d 635, 636 [2004]).

The defendants' remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.