JUNIE PERPIGNAN, Respondent, v GOTMATTIE PERSAUD et al., Defendants, and HOME EQUITY MORTGAGE LOAN ASSET-BACKED TRUST SERIES INABS 2005-B et al., Appellants. [936 NYS2d 261]—

"A party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor" (*Berkoski v Board of Trustees of Inc. Vil. of Southampton*, 67 AD3d 840, 844 [2009]; *see Shasho v Pruco Life Ins. Co. of N.J.*, 67 AD3d 663, 665 [2009]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d 604 [2004]). "The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual" (*Ruiz v Meloney*, 26 AD3d 485, 486 [2006]). "The decision to grant or

deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 625 [2011]).

Here, the Supreme Court did not err in determining that the plaintiff demonstrated a likelihood that she would succeed on the merits of her underlying causes of action insofar as asserted against the appellants. The plaintiff asserted, inter alia, that her interest in the subject property was not subject to the interest of the appellants. Contrary to the appellants' contention, the Supreme Court did not err in determining that, at the time the appellants' predecessor in interest, Wall Street Mortgage Bankers, Ltd. (hereinafter WSMB), acquired an interest in the property, there was a valid lis pendens in existence in connection with a then-pending related action by the plaintiff for specific performance of a contract for the sale of the property. Therefore, contrary to the appellants' contention, the evidence tended to show that their predecessor in interest, WSMB, may not be a bona fide encumbrancer of the property (*see* CPLR 6501; *see also Bonded Concrete v Johnson*, 280 AD2d 758, 759-760 [2001]; *Aiello v Gross*, 205 AD2d 483 [1994]).

Moreover, contrary to the appellants' contention, the evidence tended to show that they may not be bona fide purchasers of the property. A conveyance of property that is not recorded is "void as against any person who subsequently purchases or acquires" the property "in good faith and for a valuable consideration," and whose conveyance is "first duly recorded" (Real Property Law § 291). Here, the property was conveyed to the plaintiff in April 2008 pursuant to a court order issued in the plaintiff's action for specific performance against, among others, the defendants PGEA Corp. and Gotmattie Persaud. The plaintiff's deed was recorded on May 14, 2008. In July 2008 the appellants purchased the property in connection with an action to foreclose a mortgage on the subject property that was originally given by Persaud to WSMB in 2004. The appellants' deed was not recorded until October 22, 2008. These facts tended to show that the appellants may not be bona fide purchasers for value (*see* Real Property Law § 291; *see also 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 161 [2008]). Consequently, the Supreme Court did not err in determining that the plaintiff was likely to establish that her interest in the property was not subject to the appellants' interest.

Further, the Supreme Court did not err in determining that the plaintiff established that she would suffer irreparable harm absent the issuance of a preliminary injunction, and that the

balance of the equities favored the issuance of the preliminary injunction (*see Ryan v Dowicz*, 306 AD2d 396 [2003]; *see also Winchester Global Trust Co. Ltd. v Donovan*, 58 AD3d 833, 834 [2009]).

Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for a preliminary injunction. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur. **[Prior Case History: 28 Misc 3d 1234(A), 2010 NY Slip Op 51591(U).]**