■ MIAN KARAMAT ULLAH BUTT, Respondent, v MOHAMMAD ASLAM MALIK et al., Appellants. [965 NYS2d 540]—

In an action, inter alia, for a judgment declaring that a certain deed is void and that the plaintiff is the sole owner of certain real property, the defendants appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated February 29, 2012, which granted the plaintiff's motion for a preliminary injunction enjoining the defendant Mohammad Aslam Malik, his employees, servants, agents, and "all other persons acting on behalf of or in concert with them" from collecting the "rent, profits or payments" from the tenants or occupants of the subject premises during the pendency of the action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312, if the preliminary injunction is still in effect.

"[T]o prevail on a motion for a preliminary injunction, the movant must demonstrate by clear and convincing evidence (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*Matter of 1650 Realty Assoc., LLC v Golden Touch Mgt., Inc.*, 101 AD3d 1016, 1017-1018 [2012]; *see* CPLR 6301; *84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp.*, 91 AD3d 702, 702 [2012]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d 604 [2004]). "The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court" (*84-85 Gardens Owners Corp. v 84-12 35th Ave. Apt. Corp.*, 91 AD3d at 702; *see Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072, 1073 [2008]; *Ruiz v Meloney*, 26 AD3d 485, 486 [2006]).

Here, the plaintiff demonstrated a likelihood of success on the merits on his first and second causes of action for declaratory relief (*see V.R.W., Inc. v Klein*, 68 NY2d 560, 565 [1986]; *Festinger v Edrich*, 32 AD3d 412, 414 [2006]; *Moo Wei Wong v Wong*, 293 AD2d 387 [2002]). The plaintiff also demonstrated the prospect of irreparable injury absent a preliminary injunction (*see Fairfield Presidential Assoc. v Pollins*, 85 AD2d 653 [1981]; *Ansonia Assoc. v Ansonia Residents' Assn.*, 78 AD2d 211, 219-220 [1980]; *cf. Lombard v Station Sq. Inn Apts. Corp.*, 94 AD3d 717, 721 [2012]), and that a balance of the equities weighed in his favor. Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for a preliminary injunction.

However, the Supreme Court, in granting the plaintiff's motion for a preliminary injunction, was required to direct the plaintiff to post an undertaking (*see* CPLR 6312 [b]; *Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700, 702 [2008]; *Ying Fung Moy v Hohi Umeki*, 10 AD3d at 605; *Hightower v Reid*, 5 AD3d 440, 441 [2004]). Therefore, we remit the matter to the Supreme Court, Kings County, for the fixing of an appropriate undertaking pursuant to CPLR 6312, if the preliminary injunction is still in effect. Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.