Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc. (2017 NY Slip Op 01401)





Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc.


2017 NY Slip Op 01401


Decided on February 22, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2014-03427
2014-03429
 (Index No. 500522/14)

[*1]Vanderbilt Brookland, LLC, respondent, 
v
Vanderbilt Myrtle, Inc., appellant.


Regina Felton, Brooklyn, NY, for appellant.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY (Sheldon Eisenberger and Allen M. Eisenberg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 4, 2014, as, upon a decision of the same court, dated March 17, 2014, in effect, granted those branches of the plaintiff's motion which were for a preliminary injunction prohibiting it from (i) selling, assigning, conveying, or transferring to any person or entity other than the plaintiff, or hypothecating, any of its rights under a certain contract for the sale of real property, and (ii) transferring the property that was the subject of the contract, or any interest therein, to any person or entity other than the plaintiff, and (2), by permission, as limited by its brief, from so much of an order of the same court, also dated April 4, 2014, as directed it to respond to certain discovery demands.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The defendant, Vanderbilt Myrtle, Inc. (hereinafter Myrtle), was the tenant of certain property (hereinafter the property) under a lease agreement with Gulf Oil Limited Partnership, on behalf of Cumberland Farms, Inc. (hereinafter Cumberland). Cumberland sought to sell the property, and Myrtle had a right of first refusal to purchase the property. In an agreement dated December 4, 2013 (hereinafter the purchase and sale agreement), Cumberland agreed to sell, and Myrtle agreed to purchase, the property for the sum of $10,000,000. The purchase and sale agreement required Myrtle to make a deposit in the sum of $1,000,000, and provided that the closing would occur no later than July 30, 2014.
Prior to execution of the purchase and sale agreement, the plaintiff, Vanderbilt Brookland, LLC (hereinafter Brookland), and Myrtle entered into an agreement (hereinafter the stock sale agreement) whereby Brookland agreed to purchase, and Myrtle agreed to sell, five percent of the issued and outstanding shares of Myrtle's common stock for the sum of $500,000. In the stock sale agreement, Brookland and Myrtle also agreed that Brookland would acquire Myrtle's right to purchase the property, and Brookland agreed to be bound by the terms and conditions set forth in the purchase and sale agreement, including the requirement to tender the deposit in the sum of [*2]$1,000,000.
In January 2014, Brookland commenced this action for declaratory and injunctive relief, alleging, inter alia, that Myrtle had repudiated the stock sale agreement. It alleged that it had made the $1,000,000 deposit required by the purchase and sale agreement, but that Myrtle had then attempted to cancel the stock sale agreement. It moved, among other things, for a preliminary injunction prohibiting Myrtle from transferring any of its rights under the purchase and sale agreement to any entity other than Brookland, or transferring the property, or any interest in the property, to any entity other than Brookland. In an order dated April 4, 2014, the Supreme Court, upon, inter alia, determining that Brookland had tendered the $1,000,000 deposit, granted those branches of the motion. In a separate order, also dated April 4, 2014, the court directed Myrtle to respond to certain discovery demands. Myrtle appeals from portions of both orders.
On a motion for a preliminary injunction, the plaintiff must show, "by affidavit and such other evidence as may be submitted," that there is a cause of action, and that the action falls within one of the grounds for a preliminary injunction specified in CPLR 6301 (CPLR 6312[a]). "The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor" (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840; see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862; Doe v Axelrod, 73 NY2d 748, 750). " The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual'" (Perpignan v Persaud, 91 AD3d 622, 622, quoting Ruiz v Meloney, 26 AD3d 485, 486; see Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 604). The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the hearing court (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d at 840; Doe v Axelrod, 73 NY2d at 750; Butt v Malik, 106 AD3d 849, 850). Conclusive proof is not required, and a court may exercise its discretion in granting a preliminary injunction even where questions of fact exist (see Ruiz v Meloney, 26 AD3d at 486; Ying Fung Moy v Hohi Umeki, 10 AD3d at 605).
Here, Brookland demonstrated a likelihood of success on the merits, the prospect of irreparable injury absent a preliminary injunction, and that a balance of the equities weighed in its favor (see Butt v Malik, 106 AD3d at 850). Specifically, contrary to Myrtle's contention, Brookland submitted sufficient evidence that the $1,000,000 deposit was wired, on its behalf, to the escrow agent designated in the purchase and sale agreement (see Ruiz v Meloney, 26 AD3d at 486-487; Ying Fung Moy v Hohi Umeki, 10 AD3d at 604-605). Accordingly, the Supreme Court providently exercised its discretion in granting those branches of Brookland's motion which were for a preliminary injunction prohibiting Myrtle from transferring any of its rights under the purchase and sale agreement to any entity other than Brookland, or transferring the property, or any interest in the property, to any entity other than Brookland.
Myrtle's remaining contentions, including its contention relating to the order directing it to respond to certain discovery demands, are without merit.
DILLON, J.P., HALL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court