In an action, inter alia, for declaratory and injunctive relief, *1107 the defendants separately appeal, as limited by their briefs, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 10, 2015, as (a) granted that branch of the plaintiff’s motion which was for leave to reargue those branches of its prior motion which were for a preliminary injunction, inter alia, enjoining and restraining the defendants Cumberland Farms, Inc., and All Year Management, LLC, from (i) transferring or purporting to transfer certain property to any person or entity other than the plaintiff, and (ii) pursuing or taking any action in furtherance of any rights claimed by the defendant All Year Management, LLC, with respect to that property, which had been denied in an order of the same court dated October 6, 2014, and, upon reargument, in effect, vacated the order dated October 6, 2014, and thereupon granted those branches of the prior motion, and (b) denied the motion of the defendants Cumberland Farms, Inc., and All Year Management, LLC, to cancel a notice of pendency filed by the plaintiff.
Ordered that the order dated April 10, 2015, is affirmed insofar as appealed from, with one bill of costs.
The defendant Vanderbilt Myrtle, Inc. (hereinafter Myrtle), was the tenant of certain property (hereinafter the property) under a lease agreement with Gulf Oil Limited Partnership, on behalf of Cumberland Farms, Inc. (hereinafter Cumberland). Cumberland sought to sell the property, and Myrtle had a right of first refusal to purchase the property. In an agreement dated December 4, 2013 (hereinafter the purchase and sale agreement), Cumberland agreed to sell, and Myrtle agreed to purchase, the property for the sum of $10,000,000. The purchase and sale agreement required Myrtle to make a deposit in the sum of $1,000,000, and provided that the closing would occur no later than July 30, 2014.
Prior to execution of the purchase and sale agreement, the plaintiff, Vanderbilt Brookland, LLC (hereinafter Brookland), and Myrtle entered into an agreement (hereinafter the stock sale agreement) whereby Brookland agreed to purchase, and Myrtle agreed to sell, five percent of the issued and outstanding shares of Myrtle’s common stock for the sum of $500,000. In the stock sale agreement, Brookland and Myrtle also agreed that Brookland would acquire Myrtle’s right to purchase the property, and Brookland agreed to be bound by the terms and conditions set forth in the purchase and sale agreement, including the requirement to tender the deposit in the sum of $1,000,000.
In January 2014, Brookland commenced this action for declaratory and injunctive relief against Myrtle, alleging, inter *1108 alia, that Myrtle had repudiated the stock sale agreement. It alleged that it had made the $1,000,000 deposit required by the purchase and sale agreement, but that Myrtle had then attempted to cancel the stock sale agreement. It moved, among other things, for a preliminary injunction prohibiting Myrtle from transferring any of its rights under the purchase and sale agreement to any entity other than Brookland, or transferring the property, or any interest in the property, to any entity other than Brookland. In an order dated April 4, 2014, the Supreme Court, upon, inter alia, determining that Brookland had tendered the $1,000,000 deposit, granted those branches of the motion. In a separate order, also dated April 4, 2014, the court directed Myrtle to respond to certain discovery demands. Myrtle has appealed from both of those orders (see Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1104 [2017] [decided herewith]).
Thereafter, Brookland learned that on December 23, 2013, Myrtle had assigned its rights under the purchase and sale agreement to All Year Management, LLC (hereinafter All Year). Brookland then amended its complaint to add Cumberland and All Year as defendants in the action, and moved for a preliminary injunction, inter alia, enjoining and restraining Cumberland and All Year from transferring or purporting to transfer the property to any person or entity other than Brookland, and pursuing or taking any action in furtherance of any rights claimed by All Year with respect to the property. The Supreme Court denied the motion in an order dated October 6, 2014. Brookland then moved, inter alia, for leave to reargue its motion, and Cumberland and All Year moved to cancel a notice of pendency filed by Brookland. In the order on appeal, the court granted that branch of Brookland’s motion which was for leave to reargue and, upon reargument, in effect, vacated its order dated October 6, 2014, and granted those branches of Brook-land’s prior motion which were for a preliminary injunction again Cumberland and All Year. The court also denied the motion of Cumberland and All Year to cancel the notice of pendency filed by Brookland. Myrtle, Cumberland, and All Year appeal.
A motion for leave to reargue “shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion” (CPLR 2221 [d] [2]). “ ‘Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked *1109 or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision’ ” (E. W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [2007], quoting Carrillo v PM Realty Group, 16 AD3d 611, 611 [2005]; see Matter of New York Cent. Mut. Ins. Co. v Davalos, 39 AD3d 654, 655 [2007]).
Contrary to the defendants’ contentions, the Supreme Court providently exercised its discretion in granting that branch of Brookland’s motion which was for leave to reargue, upon its determination that, in deciding the prior motion, it had overlooked a provision of the purchase and sale agreement which prohibited the recording of that agreement or any memorandum thereof (see E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653 [2007]; Mangieri v Juskowitz, 112 AD2d 147 [1985]).
Moreover, upon reargument, the Supreme Court providently granted those branches of Brookland’s prior motion which were for a preliminary injunction, inter alia, enjoining and restraining Cumberland and All Year from transferring the property to any entity other than Brookland or taking any action in furtherance of any rights claimed by All Year with respect to the property.
“The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of equities in its favor” (Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]; see CPLR 6301; Aetna Ins. Co. v Capasso, 75 NY2d 860, 862 [1990]; Doe v Axelrod, 73 NY2d 748, 750 [1988]). “ ‘The purpose of a preliminary injunction is to maintain the status quo and prevent the dissipation of property that could render a judgment ineffectual’ ” (Perpignan v Persaud, 91 AD3d 622, 622 [2012], quoting Ruiz v Meloney, 26 AD3d 485, 486 [2006]; see Ying Fung Moy v Hohi Umeki, 10 AD3d 604, 604 [2004]). The decision whether to grant or deny a preliminary injunction rests in the sound discretion of the court (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d at 840; Doe v Axelrod, 73 NY2d at 750; Butt v Malik, 106 AD3d 849, 850 [2013]).
“The New York Recording Act (Real Property Law § 290 et seq.), inter alia, protects a good faith purchaser for value' from an unrecorded interest in a property, provided such a purchaser’s interest is first to be duly recorded” (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [1997]; see Real Property Law §§ 291, 294). “The status of good faith purchaser for value cannot be maintained by a purchaser with either *1110 notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such” (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d at 709; see T & v Constr., Inc. v Calapai, 90 AD3d 908, 908 [2011]; Sprint Equities [NY], Inc. v Sylvester, 71 AD3d 664, 665 [2010]). While a good faith purchaser for value must contract in good faith for the purchase of the property, good faith is not a requirement at the time the contract is recorded (see LaMarche v Rosenblum, 82 Misc 2d 1046, 1048 [Sup Ct, Albany County 1975], affd 50 AD2d 636 [1975]).
Here, All Year established that it was a good faith purchaser for value at the time the purchase and sale agreement was assigned to it. However, All Year did not record the purchase and sale agreement and the assignment. Rather, in April of 2014, it recorded a memorandum of the purchase and sale agreement and the assignment pursuant to Real Property Law § 294 (2). While we disagree with the Supreme Court’s determination that the memorandum, in effect, constituted a modification of the purchase and sale agreement, resulting in a new contract which was not entered into in good faith, we find that the court correctly determined that the recording of the memorandum did not serve to give All Year’s claim to the property a priority over Brookland’s claim.
Real Property Law § 294 (2) provides, inter alia, “[i]n lieu of the recording of an executory contract, there may be recorded a memorandum thereof, executed by the parties.” Here, in lieu of recording the purchase and sale agreement and assignment thereof, All Year and Cumberland executed and recorded a memorandum referencing the purchase and sale agreement and the assignment. However, Myrtle, which was a party to both the purchase and sale agreement and the assignment, did not execute the memorandum. As Myrtle did not execute the memorandum, it was improperly recorded in lieu of the purchase and sale agreement and assignment, and its recording did not serve to give All Year’s claim to the property priority over Brookland’s claim.
Thus, the Supreme Court did not err in determining that Brookland established a likelihood of success on the merits. Moreover, based on that finding, and additional facts, the court did not err in determining that Brookland also established irreparable injury and a balancing of the equities in its favor. Accordingly, the court providently granted the preliminary injunction.
Pursuant to CPLR 6501, with limited exceptions, a notice of *1111 pendency may be filed in any action in which “the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property.” Pursuant to CPLR 6514 (b), the court may direct that a notice of pendency be canceled “if the plaintiff has not commenced or prosecuted the action in good faith.” A notice of pendency may be filed “before or after service of summons and at any time prior to judgment” (CPLR 6511 [a]).
Here, since the action is one in which Brookland seeks specific performance of a contract granting it the right to purchase real property, the Supreme Court correctly determined that the action was one in which the judgment demanded would affect the title to, or the possession, use, or enjoyment of, real property (see CPLR 6501; see also Re-Poly Mfg. Corp. v Dragonides, 109 AD3d 532 [2013]). Moreover, the court providently declined to cancel the notice of pendency on the ground that Brookland did not commence or prosecute the action in good faith (see CPLR 6514 [b]; 551 W. Chelsea Partners LLC v 556 Holding LLC, 40 AD3d 546 [2007]; Nastasi v Nastasi, 26 AD3d 32 [2005]).
Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.