Provident Bank v Maze Condos, LLC (2024 NY Slip Op 05465)

Provident Bank v Maze Condos, LLC

2024 NY Slip Op 05465

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-00277
 (Index No. 504923/22)

[*1]Provident Bank, etc., respondent, 
v
Maze Condos, LLC, et al., appellants, et al., defendants.

Rosenberg & Steinmetz, P.C., Valley Stream, NY (Leonard Gekhman and Rachelle Rosenberg of counsel), for appellants.
Getler, Gomes & Sutton, P.C., Suffern, NY (Janine A. Getler and Richard Sutton of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maze Condos, LLC, Muze Condos, LLC, GW Development of NY, LLC, Esther Leah Glauber, and Zelig Weiss appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated November 15, 2022. The order denied those defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them and to cancel a notice of pendency.
ORDERED that the order is affirmed, with costs.
In February 2022, the plaintiff commenced this action against the defendants Maze Condos, LLC, Muze Condos, LLC, GW Development of NY, LLC, Esther Leah Glauber, and Zelig Weiss (hereinafter collectively the defendants), among others, to foreclose a consolidated mortgage on real property located in Brooklyn. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them and to cancel a notice of pendency. In an order dated November 15, 2022, the Supreme Court denied the defendants' motion. The defendants appeal.
On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see HSBC Bank USA, N.A. v Alexander, 221 AD3d 865, 868). Here, the amended complaint was facially adequate to state a cause of action to foreclose a mortgage. "In addition, '[t]he performance or occurrence of a condition precedent in a contract need not be pleaded' (CPLR 3015[a]), and therefore the plaintiff was not required to plead compliance with [the notice of default] provisions of the mortgage document" (Federal Natl. Mtge. Assn. v Suarez, 189 AD3d 782, 783).
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (HSBC Bank USA, N.A. v Alexander, 221 AD3d at 867 [internal quotation marks omitted]). "To be considered documentary, evidence must [*2]be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 855, 857 [internal quotation marks omitted]). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (id. [internal quotation marks omitted]). Here, the one-page financial statement of unknown origin submitted by the defendants in support of their motion does not constitute documentary evidence within the intendment of CPLR 3211(a)(1) (see Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 801; Fontanetta v John Doe I, 73 AD3d 78, 87).
Since the defendants failed to establish entitlement to dismissal of the amended complaint insofar as asserted against them, they failed to establish a ground for mandatory cancellation of the notice of pendency (see CPLR 6514[a]; Deutsche Bank Natl. Trust Co. v Kuldip, 108 AD3d 686, 687). The Supreme Court providently exercised its discretion in declining to cancel the notice of pendency on the ground that the plaintiff did not commence the action in good faith (see CPLR 6514[b]; Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1111).
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint insofar as asserted against them and to cancel the notice of pendency.
BRATHWAITE NELSON, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court