County of Orange v Village of S. Blooming Grove (2025 NY Slip Op 52078(U))

[*1]

County of Orange v Village of S. Blooming Grove

2025 NY Slip Op 52078(U)

Decided on December 5, 2025

Supreme Court, Orange County

McGovern, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
Supreme Court, Orange County

The County of Orange, Petitioner,

againstThe Village of South Blooming Grove, Respondent.

Index No. EF009252-2025

Bleakley Platt & Schmidt LLP, by David H. Chen, Esq. and Vincent W. Crowe, Esq. 
Attorneys for Petitioner County of Orange 
Monaco Cooper Lamme & Carr PLLC, by Norah M. Murphy, Esq.Attorneys for Respondent Village of South Blooming Grove

Kyle C. McGovern, J.

The following papers filed electronically were read and considered in connection with the motion by Petitioner (Mot. Seq. #2) brought by Order to Show Cause, for an Order temporarily restraining Respondent from taking any action to further its pending eminent domain proceeding with respect to any real property located within and/or comprising Gonzaga Park:
Order to Show Cause, Affidavit in Support,
Exhibits A-G, Memorandum of Law Doc. 8-16
Affirmation in Opposition, Exhibits 1-5,
Memorandum of Law Doc. 28-34
Memorandum of Law in Further Support Doc. 35
Petitioner The County of Orange ("County") commenced this action to permanently enjoin the eminent domain proceeding initiated by Respondent Village of South Blooming Grove ("Village") relating to a portion of County-owned land situated in Gonzaga Park within [*2]the boundaries of the Village.[FN1]

The County commenced this action pursuant to CPLR Article 78 on September 18, 2025 by filing a Petition and Notice of Petition seeking an Order (1) permanently enjoining the Village from initiating or prosecuting an eminent domain action to acquire any real property from the County that lies within or makes up any portion of Gonzaga Park without explicit authorization from the New York State legislature and (2) declaring that any such eminent domain action taken without explicit authorization from the New York State legislature is illegal and void ab initio.
The County also filed the instant Order to Show Cause seeking a Temporary Restraining Order on the eminent domain proceeding initiated by the Village. The Order to Show Cause, signed on September 19, 2025, granted temporary relief pending determination of the motion and directed appearances by counsel on September 30, 2025. By request of the parties on consent, the motion was adjourned to October 23, 2025, on which date the Court heard oral argument from counsel for both parties, and the County was afforded the opportunity to submit a reply to the opposition submitted by the Village.The MotionBy the instant motion, the County seeks an order temporarily restraining the Village from taking any further action in its pending eminent domain proceeding with respect to any real property located within and/or comprising Gonzaga Park. The County argues the eminent domain proceeding represents an illegal attempt by the Village to attain its ultimate goal of building a roadway, known as the Mangin Road Bypass, through Gonzaga Park.[FN2]
The County contends no portion of the public parkland can be alienated without legislative authorization from New York State and, as the Village has no such legislative authorization, its attempt to alienate any part of Gonzaga Park is void ab initio.[FN3]

As a preliminary matter, the County maintains it is not required to show proof of irreparable harm, and argues injunctive relief is warranted since it is likely to succeed on the merits and the balance of the equities weigh in favor of a preliminary injunction.
The County argues its likelihood of success on the merits is demonstrated by the fact that Gonzaga Park, which is public parkland, cannot be alienated by the Village without legislative authorization and the Village has not even requested, let alone been granted, such authorization. The County posits it is undisputed New York State conveyed Gonzaga Park to the County in 2003 for "park, recreation and playground purposes" only and it is also uncontested the Village now seeks to seize a portion of Gonzaga Park for the purpose of the construction of a roadway. The County contends this proposed intrusion on parkland for non-park purposes by the Village requires legislative approval regardless of the nature of the conveyance. The County rejects the Village's contentions its intended seizure of parkland warrants a "de minimis exception from the public trust doctrine" since construction of the Mangin Road bypass would entail extensive deforestation and destruction of undeveloped and unspoiled natural areas of Gonzaga Park, to provide for what the Village describes as "a permanent, four-lane paved roadway sixty feet wide and over a thousand feet long" through "virgin forest".
As to balancing the equities, the County argues the analysis strongly favors the requested TRO/preliminary injunction to, inter alia, maintain the status quo and prevent the Village's attempts to circumvent the law by seizing the County's parkland. The TRO/preliminary injunction will also maintain the status quo of the Related Case, which the County argues the Village intends to disrupt or delay through its eminent domain proceeding. Moreover, the County argues a TRO/preliminary injunction protects parkland that is open to the general public, most importantly all of the County's 400,000+ residents. In contrast, the proposed Mangin Road bypass is intended to benefit only the much smaller population of the Village's residents, as well as the Clovewood developers who, per the public hearing, would partially fund the Mangin Road bypass (undermining the Village's argument it is for a "public purpose").[FN4]

In opposition, the Village argues the motion should be denied for several reasons. First, the Village argues the County failed to establish entitlement to a preliminary injunction because it has not demonstrated any imminent or immediate risk of harm or injury. The Village posits the Eminent Domain Procedure Law ("EDPL") establishes a lengthy process that must be adhered to before any property is taken, which process includes multiple opportunities to protect the property owner's rights to object and seek judicial review of the condemnation. The Village argues the County has not suffered nor will it suffer any harm or injury until such time as the eminent domain proceeding reaches its final conclusion, including multiple layers of appeals. The Village maintains the public hearing was only a preliminary step in the EDPL process and that none of the necessary next steps have been undertaken to lead to issuance of its Determinations and Findings, after which a Supreme Court action must still be commenced by [*3]petition. Therefore, the Village argues the County has failed to establish a basis for the relief requested.
The Village next argues the motion must be denied because judicial review pursuant to Article 78 is not available for a process that has not resulted in a final determination. The Village asserts it was well within its authority to begin the condemnation process under the EDPL for property within its borders, and that it is the County that is attempting to circumvent established eminent domain procedure by seeking to use Article 78 judicial review to stop the proceeding before any determination has been made. The Village further argues that, even once a determination has been made, exclusive jurisdiction to review the eminent domain proceedings lies with the Appellate Division pursuant to EDPL §207.
Lastly, the Village challenges the County's reliance on the Doctrine of Public Trust and the process of Parkland Alienation to justify this Article 78 mandamus proceeding, arguing the County is well aware the Village cannot request Parkland Alienation since it is not the record owner of the subject property.
In its Reply Memorandum, the County argues the Village's opposition failed to address either of the two relevant prongs of a preliminary injunction analysis: (i) likelihood of success on the merits; or (ii) balance of the equities, instead focusing on the irreparable harm/imminent risk of injury prong, which is not required where a municipality seeks a preliminary injunction.
The County also refutes the Village's argument the lengthy eminent domain process and the County's inherent right to "object and seek judicial review" thereof mitigates the risk of irreparable harm because the eminent domain process itself will automatically trigger the reversion clause in the Gonzaga Park deed, reverting ownership of the entire park to the State of New York if it is not maintained for park purposes. The County notes there are alternative ways to connect the Village's Mangin Road with County Route 44 without cutting through Gonzaga Park (e.g., via private lands situated to the west of the park).
Regarding the traffic concerns the Village asserts form the basis for the Mangin Road bypass, the County argues these problems are self-inflicted based on the Village's extensive development of its Clovewood neighborhood without first creating sufficient road infrastructure. The County argues the Village's poor planning should not be to the detriment of the County or the general public that has the right to enjoy New York's parkland and wild spaces. The County restates its position on the well-established public parkland alienation law, noting the Village failed to cite any authority in support of its position a municipality may circumvent the well-established doctrines of parkland alienation, prior public use and public trust via an eminent domain proceeding. The County argues the lack of authority for the Village's position suggests the Village would like the Court to depart from the well-settled standard in New York's parkland alienation law. The County maintains the Village cannot continue to act unilaterally in its pursuit of the Mangin Road bypass and instead must seek approval from the New York State Legislature.
Lastly, the County contends the Village mischaracterizes the nature of the petition as seeking to challenge the "determination and findings" within the EDPL process, which it argues takes the place of an Article 78 proceeding and is the sole remedy for a challenge under the EDPL and lies within the exclusive jurisdiction of the Appellate Division of the Supreme Court. The County argues this is an incorrect interpretation of the petition which was brought pursuant to CPLR §7803(2) and does not seek to challenge any substantive element of the EDPL process but instead seeks a writ of prohibition to stop the Village from proceeding without jurisdiction in [*4]its attempt to seize public parkland for a roadway without the requisite legislative approval.

Discussion

The purpose of a preliminary injunction is to maintain the status quo pending determination of the action. Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc., 50 AD3d 1072, 1073 [2d Dept. 2008]; CPLR §6301; Coinmach Corp. v. Alley Pond Owners Corp., 25 AD3d 642, 643 (2d Dept. 2006); see 84-85 Gardens Owners Corp. v. 84-12 35th Ave. Apartment Corp., 91 AD3d 702, 702 (2d Dept. 2012); Ruiz v. Meloney, 26 AD3d 485 (2d Dept. 2006). The determination to grant or deny a preliminary injunction rests in the sound discretion of the Supreme Court.
It is well-established that to be entitled to a preliminary injunction, the movant must establish, by clear and convincing evidence: (1) a likelihood of success on the merits; (2) irreparable injury absent the granting of the injunction; and (3) a balancing of the equities in the movant's favor. Doe v. Axelrod, 73 NY2d 748 (1988) (citing W.T. Grant Co. v. Srogi, 52 NY2d 496, 517 [1981]); Jurlique, Inc. v. Austral Biolab Pty., 187 AD2d 637, 639 (2d Dept. 1992); Ruiz v. Meloney, supra, at 486; Ying Fung Moy v. Hohi Umeki, 10 AD3d 604, 604 (2d Dept. 2004); Hightower v. Reid, 5 AD3d 440, 441 (2d Dept. 2004).
To show likelihood of success on the merits, the movant must show its right to a preliminary injunction is plain on the facts of the case. Melvin v. Union College, 195 AD2d 447, 448 (2d Dept. 1993). Thus, while a motion for this relief should not be transformed into a full trial on the merits of the case, nevertheless, Petitioner must establish that the right to the ultimate relief requested is not in doubt. Carmardo v. Board of Educ. of City School Dist., 50 AD2d 1073 (4th Dept. 1975).
Of the three-prong showing, the Court agrees with the County's preliminary argument a municipality need not demonstrate irreparable harm absent the grant of the injunction but must only establish the likelihood of success on the merits of the case and that the balancing of the equities weighs in its favor. County of Westchester v. United Water New Rochelle, 32 AD3d 979, 980 (2d Dept. 2006) (citing State of New York v. Sour Mtn. Realty, 276 AD2d 8, 16 [2d Dept. 2000]; Town of Thompson v. Braunstein, 247 AD2d 753, 754 [2d Dept. 1998]); City of New York v. Beam Bike Corp., 206 AD3d 447,448 (1st Dept. 2022); see also Vill. of Pelham Manor v. Crea, 112 AD2d 415, 416 (2d Dept. 1985) (plaintiff was not required to come forward with proof of irreparable injury where town law authorized injunctive relief against violations of a zoning ordinance).
Thus, we turn to whether the County has demonstrated it is likely to succeed on the merits and whether the balance of the equities weighs in its favor. As to the likelihood of its success on the merits, the County argues it is likely to succeed in this action to stop the Village from seizing the subject property in Gonzaga Park because it is public parkland that cannot be alienated without legislative authorization and the Village does not have such authorization. The Village does not directly respond to the County's argument, contending instead that the County's reasoning is circular since only the County can seek authorization for parkland alienation since the Village does not own the property. The Village further argues the County has not implemented a "Municipal Home Rule Request" to the state Legislature for enactment of a parkland alienation bill, which the County responds is not mandatory and also has not been introduced by the County legislator whose district encompasses the Village.
A court may find a likelihood of success on the merits even when the facts are in dispute, [*5]and conclusive proof is not required as to disputed facts. Ruiz v. Meloney, 26 AD3d 485, 486 (2d Dept. 2006). Here, the conflict centers on application of controlling law rather than on facts and, despite that the merits of the underlying Petition have not yet been fully briefed, the parties' arguments on this motion regarding the applicability of potentially conflicting laws demonstrate a lack of authority for the Village's contentions, which diminishes the strength of its argument. The Court recognizes this issue has not been fully briefed as no Answer or objections in points of law have yet been raised in response to the Petition, however, insofar as the instant application is concerned, the Court finds Petitioner has demonstrated a likelihood of success on the merits sufficient to satisfy the first prong of the inquiry.
As to the balancing of the equities, the County argues it seeks to maintain the status quo, which is the purpose of a preliminary injunction and that it is the Village that seeks to disrupt the status quo by initiating the process to seize parkland, which eminent domain proceeding will also serve to disrupt or delay the Related Action.
The County argues a preliminary injunction will protect parkland that is open to more than 400,000 county residents in contrast to the approximate 3,800 Village residents who may benefit from furtherance of the eminent domain proceeding to seize the parkland and the developers of the Clovewood neighborhood who are partially funding the project. Citing Raritan Baykeeper, Inc. v. City of New York (42 Misc 3d 1208(A) [Sup. Ct. Kings Co. 2013]), the County argues the balance of equities weighs against the Village, which is acting in disregard for the principles of the public trust doctrine in order to avoid the more cumbersome and politically perilous option of obtaining legislative approval. Based upon the current record, the Court agrees. The County posits the proper procedure would be for the Village's elected representatives to obtain approval from the New York State legislature instead of initiating proceedings pursuant to the EDPL if there were a genuine belief the bypass would benefit the public at large. The Court further agrees and finds that here, as in Raritan, there is already indication of disregard of the public trust doctrine by the Village's initiation of eminent domain proceedings for the Subject Property within Gonzaga Park that it previously cleared of trees in furtherance of its goal of constructing a roadway for its benefit.
The Court rejects the Village's arguments the Petition was improperly and prematurely commenced and the County is seeking relief from this Court that is solely within the exclusive jurisdiction of the Appellate Division pursuant to the EDPL. The Petition is seeking a declaration as to the legality of the Village's initiation of an eminent domain proceeding against parkland without legislative authorization and in violation of the public trust doctrine and does not, as the Village contends, violate the exclusive jurisdiction of the Appellate Division to consider challenges to determinations or findings or whether condemnation was achieved in accordance with the EDPL. Accordingly, the Court finds the balance of the equities weighs in favor of Petitioner.

Conclusion

Absent case law or other indicia of support for the Village's contentions, this Court declines the invitation to depart from existing precedent and instead deems it appropriate to grant the County's request for an Order temporarily enjoining further eminent domain proceedings for the subject land in Gonzaga Park. The County has demonstrated a likelihood of success on the merits of the petition seeking to bar the Village from further pursuit of eminent domain. Additionally, the Court agrees the balancing of the equities weighs in favor of the County in that the status quo will be maintained pending the ultimate determination of this matter.
Upon the instant motion for a preliminary injunction, the Court makes no finding as to the merits of the County's petition; rather, the purpose of interlocutory relief is to preserve the status quo until a decision is reached on the merits. Putter v. Singer, 73 AD3d 1147 (2d Dept. 2010) (citing Moody v. Filipowski, 146 AD2d 675, 678 [2d Dept. 1989]). Under the circumstances herein, the Court concludes a preliminary injunction is warranted pending determination of the Petition, the substance of which has not yet been fully briefed for the Court's consideration.
Accordingly, it is
ORDERED that the application by Petitioner County of Orange (Mot. Seq. #2) is GRANTED, and it is further
ORDERED that Respondent Village of South Blooming Grove is hereby preliminarily enjoined and restrained from undertaking additional measures in furtherance of any eminent domain proceeding relative to the land constituting Gonzaga Park until such time as a determination has been made with respect to the Petition which is the subject of this proceeding; and it is further
ORDERED that Respondent shall serve its Answer to the Petition including any opposition to the pending Notice of Petition (Mot. Seq. #1) on or before January 7, 2026 and Petitioner may submit its reply on or before January 15, 2026 on which date the motion shall be deemed fully submitted to the Court for decision.
The foregoing constitutes the Decision and Order of this Court.
Dated: December 5, 2025E N T E RHON. KYLE C. McGOVERN, J.S.C.

Footnotes

Footnote 1:The same land is also the subject of another pending matter, County of Orange v. Cioffi 1, Inc., et. al. (Index No. EF000367-2023) (the "Related Case") wherein the County alleges trespass, unauthorized cutting and removal of timber and grading in 2022 in furtherance of the Village's construction of a road through Gonzaga Park without the County's permission and in violation of the law. No determination has yet been made with respect to the allegations in that action.

Footnote 2:As noted by the County, the Village initiated another eminent domain proceeding against private property along Mangin Road, the Findings and Determination of which is currently the subject of an Article 78 petition filed in the Supreme Court, Appellate Division by the landowner to reject and annul the condemnation.

Footnote 3:The County also maintains the eminent domain proceeding is the Village's attempt to circumvent an adverse liability finding in the Related Case concerning allegations of trespass and damage to the subject parkland property. The County argues the Village initiated the eminent domain proceeding to seize the very parkland upon which its contractors trespassed in 2022 for the purpose of completing the Mangin Road Bypass by any means necessary

Footnote 4:The County challenges the Village's public purpose argument, suggesting if the Village believes its Mangin Road bypass would benefit the public at large, its elected representatives should be able to propose a bill for passage by the New York State Legislature.