■ JERRY CARTER, Respondent, v STAVROS KONSTANTATOS et

al., Appellants.—In an action for the dissolution of a partnership and an accounting, *inter alia,* the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), entered April 3, 1989, which denied their motion to require the plaintiff to post an undertaking.

Ordered that the order is reversed, on the law, with costs, and the motion is granted to the extent that the plaintiff shall give an undertaking in an amount to be fixed by the Supreme Court, Suffolk County, after a hearing which shall be held for that purpose, unless the parties stipulate to an amount.

In this action concerning a disputed partnership interest in a diner business, the plaintiff had previously been awarded a preliminary injunction essentially restraining the defendants from disposing of the business, its records or its assets. The defendants thereafter moved to direct the plaintiff to file an undertaking, and the court denied the application. This was error.

The language of the statute is clear and unequivocal. Upon the granting of a preliminary injunction, "the plaintiff *shall* give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction" (CPLR 6312 [b] [emphasis added]; *see also, Walter Karl, Inc. v Wood,* 137 AD2d 22, 29; *Burmax Co. v B & S Indus.,* 135 AD2d 599, 601). Accordingly, the matter must be remitted to the Supreme Court, Suffolk County, to fix the amount of the undertaking *(see, Burmax Co. v B & S Indus., supra; Traver v City of Poughkeepsie,* 108 AD2d 18, 23; *Blumberg v Thomaston-Spruce Corp.,* 46 AD2d 671).

We have considered the parties' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.