■ STUART SCHWARTZ et al., Respondents, v MURRAY GRUBER, Appellant. [690 NYS2d 641] —In an action for a judgment declaring a series of loans to be usurious, the defendant appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated June 10, 1991, which, *inter alia,* granted the plaintiffs' motion for a preliminary injunction to the extent of restraining

the defendant from taking any steps to enforce certain confessions of judgment filed with the County Clerk, Nassau County, and failed to direct the plaintiffs to give an undertaking, and (2) an order of the same court, entered September 19, 1991, which denied the defendant's motion, *inter alia*, to require the plaintiffs to give an undertaking.

Ordered that the order dated June 10, 1991, is modified by adding thereto a provision directing the plaintiffs to give an undertaking, in an amount to be fixed by the Supreme Court, Nassau County, after a hearing which shall be held for that purpose, unless the parties stipulate to an amount; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings.

Ordered that the appeal from the order entered September 19, 1991, is dismissed as academic; and it is further,

Ordered that the defendant is awarded one bill of costs.

Although the fixing of the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court (*see, Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348; *see, Clover St. Assocs. v Nilsson,* 244 AD2d 312, 313), the language of CPLR 6312 (b) is "clear and unequivocal", and it requires the party seeking the injunction to give an undertaking (*see, Carter v Konstantatos,* 156 AD2d 632, 633; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 29; *Burmax Co. v B & S Indus.,* 135 AD2d 599, 601). Thus, as applied to the instant case, the Supreme Court erred to the extent that it granted the plaintiffs' request for a preliminary injunction without requiring them to give an undertaking which would "reimburse the defendant for damages sustained if it [were] later finally determined that the preliminary injunction was erroneously granted" (*Margolies v Encounter, Inc.,* 42 NY2d 475, 477). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.