■ STEPHANIE PITTERSON et al., Respondents, v ELLIS WATSON, Also Known as IVOR WATSON, Also Known as IVOR E. WATSON, Appellant. [750 NYS2d 317] —In an action, inter alia, for an accounting, the defendant appeals from (1) a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated January 22, 2001, which, after a hearing, and upon the granting of the plaintiffs' motion to hold him in contempt for violating a temporary restraining order of the same court, dated July 12, 1999, struck his answer, and, in effect, granted the relief demanded in the complaint, and (2) an order of the same court, entered June 27, 2001, which granted the plaintiffs' motion, inter alia, to be relieved from posting further undertakings as a condition of a preliminary injunction.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith; and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the plaintiffs' motion, inter alia, to be relieved from posting further undertakings as a condition of a preliminary injunction is denied.

In this action, inter alia, for an accounting, the defendant, the majority shareholder and chairman of Ellis Transportation

Services, Inc. (hereinafter ETS), was found to be in contempt of court for violating a temporary restraining order which provided, inter alia, that he was not to dispose of corporate assets except in the ordinary course of business. The Supreme Court properly found that the defendant violated the temporary restraining order by systematically transferring funds from ETS to a corporation owned by his children. However, the Supreme Court improperly punished the defendant for his contempt by striking the answer and, in effect, granting the plaintiffs judgment on their complaint.

While a court may properly strike a defendant's answer for a discovery violation (*see* CPLR 3126), a court generally has power to punish for contempt only by fines or imprisonment, or both (*see* Judiciary Law § 751 [1]; § 753 [A]). Here, the Supreme Court exceeded its authority when it fashioned a remedy not contemplated by the Judiciary Law (*cf. McCain v Dinkins,* 192 AD2d 217, *affd as mod* 84 NY2d 216; *Couture v Garland,* 105 AD2d 1158). Therefore, the matter must be remitted to the Supreme Court, Westchester County, for consideration and imposition of the statutorily permissible contempt sanctions.

Further, it appears from the record that a preliminary injunction enjoining the same conduct as the permanent injunction demanded in the complaint was never vacated but, rather, was simply rendered academic in light of the judgment. Because we reverse the judgment and reinstate the complaint, the plaintiffs are required to post an undertaking to resecure this relief pending further proceedings (*see* CPLR 6312; *Schwartz v Gruber,* 261 AD2d 526; *Carter v Konstantatos,* 156 AD2d 632).

In light of this determination, we need not reach the defendant's remaining contentions. Altman, J.P., Goldstein, H. Miller and Rivera, JJ., concur.