ELI L. GERSTNER, Respondent, v ABE "AVI" KATZ et al., Appellants. [835 NYS2d 203]—

In an action, inter alia, for permanent injunctive relief, the defendants appeal (1) from an order of the Supreme Court, Kings County (Douglass, J.), dated September 20, 2005, which, after a hearing, granted the plaintiff's motion, inter alia, to preliminarily enjoin them from, among other things, recording any vocal or instrumental music under the trademarked name *The Chevra,* or performing any of the copyrighted songs written by the plaintiff, and (2), as limited by their brief, from so much of an order of the same court dated December 6, 2005, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 20, 2005 is dismissed, as that order was superseded by the order dated December 6, 2005, made, in effect, upon reargument; and it is further,

Ordered that the order dated December 6, 2005 is modified, on the law, by adding a provision thereto directing the plaintiff to provide an undertaking; as so modified, the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for the fixing of the amount of the undertaking; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

To prevail on a motion for a preliminary injunction, a movant must establish a likelihood of success on the merits, irreparable injury in the absence of an injunction, and a balance of equities in its favor (*see Aetna Ins. Co. v Capasso,* 75 NY2d 860 [1990]; *Cruz v McAneney,* 29 AD3d 512 [2006]; *William M. Blake Agency v Leon,* 283 AD2d 423, 424 [2001]; *Somers Stained Glass Corp.*

*v Somers Designs,* 277 AD2d 442 [2000]). Further, the hearing court's credibility determination is entitled to great weight on appeal (*Lattingtown Harbor Prop. Owners Assn., Inc. v Agostino,* 34 AD3d 536 [2006]). Here, the Supreme Court properly granted the motion for a preliminary injunction (*see Cruz v McAneney, supra*).

Although the fixing of the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court (*see Blueberries Gourmet v Aris Realty Corp.,* 255 AD2d 348 [1998]), the language of CPLR 6312 (b) is "clear and unequivocal," and it requires the party seeking the injunction to give an undertaking (*Carter v Konstantatos,* 156 AD2d 632, 633 [1989]; *see Pitterson v Watson,* 299 AD2d 467 [2002]). Thus, under the circumstances of the instant case, the Supreme Court erred to the extent that it granted the plaintiff's request for a preliminary injunction without requiring him to give an undertaking which would "reimburse the defendant for damages sustained if it [were] later finally determined that the preliminary injunction was erroneously granted" (*Schwartz v Gruber,* 261 AD2d 526 [1999]). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.