■ BERNARD PUTTER, Appellant, v PAUL T. SINGER et al., Respondents, et al., Defendants. [901 NYS2d 382]—

In an action, inter alia, to recover damages for injury to property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated March 25, 2009, as granted those branches of the motion of the defendants Paul T. Singer and Andrea G. Singer which were to preliminarily enjoin him from altering the east/west portion of the subject driveway and coming within 50 feet of those defendants and their invitees.

Ordered that the order is modified, on the law, by adding a provision thereto that the branch of the motion which was to preliminarily enjoin the plaintiff from altering the east/west portion of the subject driveway is granted on the condition that the defendants Paul T. Singer and Andrea G. Singer give an undertaking pursuant to CPLR 6312 (b); as so modified, the order is affirmed insofar as appealed from, with costs to the respondents, and the matter is remitted to the Supreme Court, Rockland County, to fix the amount of the undertaking.

A long-standing dispute concerning the driveway shared by the plaintiff, Bernard Putter (hereinafter the appellant), and the defendants Paul T. Singer (hereinafter Singer) and Andrea G. Singer (hereinafter together the respondents) for ingress and egress to their homes resulted in the appellant commencing this action in 2006, inter alia, to recover damages to property. On December 16, 2008, Singer, allegedly after being threatened by the appellant, stopped the appellant's attempt to install metal bollards in the driveway by calling the police. Thereafter, Singer called the police on December 18, 2008, when the appellant allegedly was harassing the respondents' construction workers, and on December 29, 2008, when the appellant's workers installed additional bollards in the driveway. In January of 2009 the respondents moved to preliminarily enjoin the appellant from, inter alia, altering the east/west portion of the driveway and coming within 50 feet of the respondents and their invitees. Although the bollards were eventually removed by the appellant, holes remained in the driveway. By order dated March 25, 2009, the Supreme Court granted those branches of the respondents' motion which were to preliminarily enjoin the appellant from altering the east/west portion of the driveway where the bollards had been removed and from coming within 50 feet of the respondents and their invitees. The appellant challenges that order on this appeal. We modify.

On a motion for a preliminary injunction, the movant must demonstrate (1) a likelihood of success on the merits, (2) irrepa-

rable injury absent the granting of the preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1072 [2008]). A preliminary injunction is a drastic remedy and the respondents, to be entitled to injunctive relief, "must establish a clear right . . . under the law and the undisputed facts" (*Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497 [2008]). The purpose of any preliminary injunction is to maintain the status quo between the parties, not to determine their ultimate rights (*see Moody v Filipowski*, 146 AD2d 675 [1989]).

The appellant's installation of the bollards within the driveway affected the use of the driveway for ingress and egress and served to alter the status quo that existed between the parties during the course of this litigation. The unilateral installation of the bollards and the appellant's admitted contacts with the respondents' construction workers evidenced his willingness to use self help to alter the existing state of affairs and infringe on the shared driveway. The undisputed facts show that the disagreements between Singer and the appellant in December of 2008 were initiated by the appellant, thus indicating that the equities favored the respondents. Accordingly, the Supreme Court properly granted a preliminary injunction enjoining the appellant from altering the driveway.

The record is devoid of any evidence that the respondents submitted an undertaking with their motion for a preliminary injunction. While fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312 (b) requires that the party seeking an injunction give an undertaking (*see Livas v Mitzner*, 303 AD2d 381, 383 [2003]). Upon remittal, the respondents should be required to give an undertaking in an amount fixed by the Supreme Court (*id.* at 383).

The appellant's remaining contention is without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.