■ Mobstub, Inc., Respondent, v www.staytrendy.com et al., Appellants, et al., Defendants. [60 NYS3d 356]—

In an action, inter alia, for permanent injunctive relief and to recover damages for trademark infringement and unfair

competition, the defendants www.staytrendy.com and Jack Cohen, also known as Jack Alhakim, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated August 6, 2015, as granted that branch of the plaintiff's motion which was to preliminarily enjoin them from using the trade name "Stay Trendy" in connection with their business.

Ordered that the order is modified, on the law, by adding thereto a provision directing the plaintiff to file an undertaking; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for the fixing of an appropriate amount of the undertaking.

In this trademark infringement action, the Supreme Court granted that branch of the plaintiff's motion which was to preliminarily enjoin the defendants from using the trade name "Stay Trendy" in connection with their business. The defendants appeal, arguing that the court erred in granting that relief or, in the alternative, that the court erred in failing to direct the plaintiff to file an undertaking.

A party seeking the drastic remedy of a preliminary injunction has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities in the movant's favor (see Doe v Axelrod, 73 NY2d 748, 750 [1988]; Berkoski v Board of Trustees of Inc. Vil. of Southampton, 67 AD3d 840, 844 [2009]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see Doe v Axelrod, 73 NY2d at 750; Perpignan v Persaud, 91 AD3d 622, 622-623 [2012]; Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738 [2010]). Here, where the plaintiff established a likelihood of success on the merits and the irreparable harm it would suffer should the preliminary injunction not be granted, the equities tip in favor of the plaintiff and the court properly granted that branch of the plaintiff's motion which sought a preliminary injunction (see Gerstner v Katz, 38 AD3d 835, 836 [2007]; Adirondack Appliance Repair v Adirondack Appliance Parts, 148 AD2d 796, 798 [1989]).

However, upon the granting of a preliminary injunction, a plaintiff "shall give an undertaking in an amount to be fixed by the court, that the plaintiff, if it is finally determined that he or she was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction" (CPLR 6312 [b] [emphasis added]; see Carter v

*Konstantatos*, 156 AD2d 632, 633 [1989]). Accordingly, we remit the matter to the Supreme Court, Kings County, for the fixing of an appropriate amount of the undertaking. Leventhal, J.P., Barros, Connolly and Brathwaite Nelson, JJ., concur.