Chao-Yu C. Huang v Shih (2018 NY Slip Op 06075)





Chao-Yu C. Huang v Shih


2018 NY Slip Op 06075


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-04281
 (Index No. 10673/07)

[*1]Chao-Yu C. Huang, respondent, 
v
Harry An-Ling Shih, et al., appellants.


Liu & Shields LLP, Flushing, NY (Carolyn Shields of counsel), for appellants.
Kevin Kerveng Tung, P.C., Flushing, NY, for respondent.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered September 18, 2015. The order, upon the prior granting, in an order of the same court entered March 17, 2015, of the plaintiff's motion for a preliminary injunction, determined that an undertaking was not required.
ORDERED that the order entered September 18, 2015, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for the plaintiff to post an undertaking pursuant to CPLR 6312(b) in an amount to be fixed by the court.
The plaintiff commenced this action for specific performance of a contract for the sale of certain real property in Queens. The plaintiff moved for a preliminary injunction, inter alia, restraining the defendants from selling, transferring, or encumbering the subject property. In an order entered March 17, 2015, the Supreme Court granted the plaintiff's motion for a preliminary injunction. In the order appealed from, the court determined that an undertaking was not required. The defendants appeal.
"[U]pon the granting of a preliminary injunction, a plaintiff shall give an undertaking in an amount to be fixed by the court'" (Mobstub, Inc. v www.staytrendy.com, 153 AD3d 809, 810, quoting CPLR 6312[b]). Thus, "[w]hile fixing the amount of an undertaking when granting a motion for a preliminary injunction is a matter within the sound discretion of the court, CPLR 6312(b) clearly and unequivocally requires the party seeking an injunction to give an undertaking" (Griffin v 70 Portman Rd. Realty, Inc., 47 AD3d 883, 884; see Putter v Singer, 73 AD3d 1147, 1149; Livas v Mitzner, 303 AD2d 381, 383).
The defendants' remaining contentions either are without merit or not properly before this Court.
Accordingly, we reverse the order and remit the matter to the Supreme Court, Queens County, for the plaintiff to post an undertaking pursuant to CPLR 6312(b) in an amount to be fixed [*2]by the court.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court