Cavalier v Warren County Board of Elections (2022 NY Slip Op 06095)

Cavalier v Warren County Board of Elections

2022 NY Slip Op 06095

Decided on November 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 1, 2022

536148
[*1]Richard Cavalier et al., Appellants,
v
Warren County Board of Elections et al., Respondents, et al., Defendants.

Calendar Date:November 1, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ.

Liberty Justice Center, Chicago, Illinois (Daniel R. Suhr of counsel, admitted pro hac vice) and The Glennon Law Firm, PC, Rochester (Peter J. Glennon of counsel), for appellants.
Barclay Damon LLP, Albany (Daniel J. Martucci of counsel), for Warren County Board of Elections, respondent.
Robert G. Behnke, County Attorney, Binghamton, for Broome County Board of Elections, respondent.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), in her statutory capacity under Executive Law § 71.

Per Curiam.
Appeal (upon transfer from the Court of Appeals) from an order of the Supreme Court (Martin D. Auffredou, J.), entered September 19, 2022 in Warren County, which, among other things, granted motions by defendant Warren County Board of Elections and the Attorney General to dismiss the complaint.
Under the NY Constitution, "[t]he [L]egislature may, by general law, provide a manner in which, and the time and place at which, qualified voters who, on the occurrence of any election, may be absent from the county of their residence or, if residents of the city of New York, from the city, and qualified voters who, on the occurrence of any election, may be unable to appear personally at the polling place because of illness or physical disability, may vote and for the return and canvass of their votes" (NY Const, art II, § 2). In response to the continued concerns attendant to COVID-19, in August 2020, the Legislature amended Election Law § 8-400 (1) (b) by expanding the meaning of "illness" to include "instances where a voter is unable to appear personally at the polling place of the election district in which they are a qualified voter because there is a risk of contracting or spreading a disease that may cause illness to the voter or to other members of the public" (L 2020, ch 139, § 1). The amendment was set to expire at the close of 2021 but was extended and is now scheduled to sunset on December 31, 2022 (L 2022, ch 2, § 1).
In July 2022, plaintiffs — two voters in Warren and Broome Counties, a candidate in the November 8, 2022 general election and the Schoharie County Republican Committee — commenced this action seeking a judgment declaring that Election Law § 8-400 (1) (b) violates NY Constitution, article II, § 2. Plaintiffs also sought an injunction enjoining defendants Warren, Broome and Schoharie Counties Boards of Elections from distributing absentee ballots to voters based upon the language of Election Law § 8-400 (1) (b) and directing defendant New York State Board of Elections to, among other things, remove all language regarding the expansion of "illness" from its website. Plaintiffs moved for a preliminary injunction enjoining certain defendants from distributing or accepting any absentee ballot issued to a voter based on the expanded definition of illness in Election Law § 8-400 (1) (b), as amended by L 2020, ch 139, § 1. In separate motions, Warren County Board of Elections and the Attorney General [FN1] cross-moved to dismiss the complaint raising, among other things, standing, laches and stare decisis. Supreme Court granted the cross motions and dismissed the complaint, finding that the court was bound by the Fourth Department's declaration in Ross v State of New York (198 AD3d 1384 [4th Dept 2021]) that Election Law § 8-400 (1) (b) is constitutional. Supreme Court concurrently denied plaintiffs' motion for a preliminary injunction. Plaintiffs appeal.
Defendants claim, among other things, that plaintiffs are barred by laches as they [*2]inexplicably delayed in commencing this action until just weeks before the issuance of absentee ballots for the 2022 general election began. We conclude, as we do in another matter pending before us that raises some common issues to the instant matter, Matter of Amedure v State of New York, ___ AD3d ___ [decided herewith]), that this action is barred by laches.
The challenged amendment to Election Law § 8-400 (1) (b) was enacted in August 2020 and was set to expire in December 2021 (L 2020, ch 139, § 1). An extension of the sunset clause to December 31, 2022 was approved by the Legislature in January 2022 (L 2022, ch 2, § 1). Since the statute was enacted, there have been multiple primary, general and special elections, and two primary elections since the statute was extended, in which voters presumably obtained and voted by absentee ballots because of the underlying risks attendant to the spread of COVID-19. Yet, plaintiffs waited six months from the time of the extension of the statute to commence this action and then sought a preliminary injunction one month later.[FN2]
The absentee ballot voting period has been ongoing since the end of September, hundreds of thousands of absentee ballots have been issued, and counting of those ballots has begun (see Election Law § 9-209 [6]). Plaintiffs claim that there is no prejudice because they do not seek to invalidate any ballots already received and counted, but rather they seek an order directing the State Board of Elections to instruct voters that they may not vote by absentee ballot based upon a fear of contracting or spreading COVID-19. We disagree. Absentee ballots have been applied for and mailed throughout the state and the relief requested by plaintiffs would lead to some voters being treated differently than others. Simply put, we find that plaintiffs' delay in bringing this action has created substantial prejudice not only to defendants, who each play a role in the distribution and canvassing of absentee ballots, but to the voters of the state, and plaintiffs have offered no valid basis for this avoidable delay in commencing the action and pursuing the instant appeal (see Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d 1227, 1229-1230 [3d Dept 2022], lv denied 38 NY3d 909 [2022]). As a result, we find that dismissal of the action is required under the equitable doctrine of laches (see Matter of Amedure v State of New York, ___ AD3d ___ [decided herewith]; Matter of League of Women Voters of N.Y. State v New York State Bd. of Elections, 206 AD3d at 1229-1230).
Egan Jr., J.P., Lynch, Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The Attorney General intervened pursuant to Executive Law § 71.

Footnote 2: We further note that Supreme Court's order dismissing the action was entered on September 19, 2022 and plaintiffs promptly filed a notice of appeal therefrom. Upon receipt of that notice of appeal, this Court immediately notified plaintiffs that if they wished to have the appeal heard expeditiously, they should make a request for a preference. Rather than pursuing an expedited appeal, plaintiffs contributed to the delay of this appeal being heard by filing an appeal with the Court of Appeals which, on October 21, 2022, transferred the matter to this Court after finding that a direct appeal did not lie to the Court of Appeals because questions other than the constitutional validity of a statutory provision were involved (___ NY3d ___, 2022 NY Slip Op 73346 [2022]). Consequently, plaintiffs' request for this Court to grant a preference on the appeal was received on October 24, 2022, more than a month following entry of the order.