Quartararo v Quartararo (2023 NY Slip Op 05527)

Quartararo v Quartararo

2023 NY Slip Op 05527

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07779
 (Index No. 51971/19)

[*1]Paul M. Quartararo, respondent, 
v
John P. Quartararo, etc., et al., appellants.

Durante, Bock & Tota, PLLC, Yorktown Heights, NY (Albert J. Durante of counsel), for appellants.
The Raiche Law Firm, Beacon, NY (Raymond P. Raiche of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to impose a constructive trust on real property, the defendants appeal from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated September 20, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue his opposition to that branch of the defendants' prior motion which was to cancel a notice of pendency, which had been granted in a prior order of the same court dated March 23, 2021, upon reargument, in effect, vacated that portion of the order dated March 23, 2021, and thereupon, denied that branch of the defendants' prior motion, and, sua sponte, directed the imposition of a constructive trust on the subject property.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated September 20, 2021, as, sua sponte, directed the imposition of a constructive trust on the subject property is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated September 20, 2021, is modified, on the law, by deleting the provision thereof, sua sponte, directing the imposition of a constructive trust on the subject property; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2019, the plaintiff commenced this action, inter alia, to impose a constructive trust on certain real property located in Millbrook (hereinafter the property), owned by his brother, the defendant John P. Quartararo (hereinafter John). The plaintiff alleged, among other things, that he and John were members of the defendant Chestnut Ridge Partners, LLC (hereinafter Chestnut), in which the plaintiff held a minority interest and John held the majority interest, and that John wrongfully withheld distributions to which the plaintiff would be entitled upon the sale of the property. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency filed by the plaintiff against the property. In an order dated March 23, 2021, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to cancel the notice of pendency. The plaintiff then moved, among other things, for leave to reargue his opposition to that branch of the defendants' motion which was to cancel the notice of pendency. In an order dated September 20, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to reargue, upon reargument, in effect, vacated the portion of the order dated March 23, 2021, granting that branch of the defendants' motion which was to cancel the notice of pendency, and thereupon, denied that branch of the defendants' motion, and, sua sponte, directed the imposition of a constructive trust on the property. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to reargue and, upon reargument, in effect, denied that branch of the defendants' prior motion which was to cancel the notice of pendency. "'Motions for reargument are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some [other] reason mistakenly arrived at its earlier decision'" (Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1108-1109, quoting E.W. Howell Co., Inc. v S.A.F. La Sala Corp., 36 AD3d 653, 654 [internal quotation marks omitted]). Here, the court properly determined that it had improperly granted that branch of the defendants' motion which was to cancel the notice of pendency in light of the pending cause of action seeking to impose a constructive trust on the property (see CPLR 6501 ["(a) notice of pendency may be filed in any action . . . in which the judgment demanded would affect the title to, or the possession, use or enjoyment of, real property"]).
However, the Supreme Court improperly directed the imposition of a constructive trust on the property. "The elements of a constructive trust are (1) a confidential or fiduciary relationship between the parties, (2) a promise, (3) a transfer of an asset in reliance upon a promise, and (4) unjust enrichment flowing from the breach of the promise" (Olden Group v 2890 Review Equity, 209 AD3d 748, 752). Here, at the prediscovery stage, there are contested issues which cannot be resolved as to whether the plaintiff transferred assets in reliance upon a promise and whether the defendants were unjustly enriched as a result of the breach of a promise. Accordingly, the court had no basis to direct the imposition of a constructive trust on the property.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court